```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION

WILMER DIXON, III,

                    Petitioner,

vs.                                    Case No.  5:11-cv-40-Oc-29TBS

WARDEN, FCC COLEMAN-USP I,

                    Respondent.
_____
```

**OPINION AND ORDER**

This matter comes before the Court upon review of Petitioner Wilmer Dixon's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. Section 2241 (Doc. #1, Petition) and attached exhibits consisting *inter alia* of inmate grievances and responses thereto. Respondent filed a Response (Doc. #7, Response) and attached supporting "exhibits" and "attachments" (Doc. #7-1, hereinafter "Exh." or "Att."). Respondent's exhibits and attachments include: SENTRY Printout, Public Information Data (Exh. 1); Declaration and Certification of Records from Julie A. Roland, who is a Management Analyst at the Designation and Sentence Computation Center (Exh. 2); Judgment in Case Number 05-64 SEC J in the United States District Court for the Eastern District of Louisiana (Att. 1); Public Information Inmate Data Sheet dated March 24, 2011 (Att. 2); Petition for Warrant or Summons for Offender Under Supervision in Violation of Supervised Release for Case Number 2:05-cr-64-1J, in the United States District Court, Eastern District of Louisiana (Att. 3); Warrant for

Arrest in Case Number CR05-064J, from the United States District Court, Eastern District of Louisiana (Att. 4); Booking Inquiry and docket information for Orleans Parish Criminal District Court and Parish Jail (Att. 5); U.S. Department of Justice, Federal Bureau of Prisons Memorandum from Deena Harris, who is the Classification Computation Technician (Att. 6); Writ of Habeas Corpus *Ad Prosequendum* in Case Number 05-64 from the United States District Court, Eastern District of Louisiana (Att. 7); Judgment in Criminal Case (for Revocation of Supervised Release) in Case Number 05-cr-64, in the United States District Court, Eastern District of Louisiana (Att. 8), SENTRY Independent Sentence Computation Sheet (Att. 9); Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), pp. 1-14 (Att. 10); and, Public Information Inmate Data Sheet as of March 24, 2011, for supervised release violation judgment (Att. 11). Petitioner filed a Reply (Doc. #8). This matter is ripe for review.

**I.**

The Petition raises one ground for relief challenging the Bureau of Prisons' ("BOP") calculation of Petitioner's sentence. See generally Petition. Specifically, Petitioner argues that the BOP failed to give him approximately 60 days of prior custody credits (from July 22, 2009 through September 21, 2009) toward his federal sentence. Id. at 3. Petitioner acknowledges that the BOP gave him credit from September 21, 2009 through December 6, 2009, but argues that instead of the start date of September 21, 2009, the start date

should have been July 22, 2009. Id. at 3. Petitioner argues that the start date should have been July 22, 2009 (instead of September) because the 60 days "was credited to a Probationary Sentence that was of no benefit." Id. at 3.

In Response, Respondent argues that the BOP properly calculated Petitioner's sentence. See Response. Respondent explains that the State of Louisiana, New Orleans Parish Criminal District Court, sentenced Petitioner to 60-days with credit for "time served" from July 22, 2009 through September 19, 2009. Id. at 3 (citing Exh. 2 at 13). Thus, Respondent maintains that Petitioner is not entitled to credit from July 22, 2009 through September 19, 2009, because this time was already credited toward the aforementioned State of Louisiana sentence. Id. at 5. To use this credit again would amount to an inappropriate "double credit." Id. Respondent further argues that Petitioner's assertions that he was granted probation on this State sentence is inaccurate. Id.

**II.**

Petitioner initiated this action as a federal inmate confined at the Federal Correctional Complex in Coleman, Florida.[1] See docket; Petition; Exh. 1.

---

[1] Since Petitioner initiated this action his location has changed, and he was moved to the Volunteers of America Residential Reentry Center. See docket. However, mail recently sent from the Court was returned as undeliverable. Id. Thus, it appears Petitioner has failed to keep the Court apprised of his mailing address. Failure to keep the Court apprised of a mailing address, is also grounds for dismissal.

In relevant part, on August 17, 2005, Petitioner was sentenced to a 46-month term of confinement and 3-year supervised release following his conviction of possession of a firearm by a convicted felon in the United States District Court for the Eastern District of Louisiana. Exh. 2, ¶4. The BOP prepared a sentence computation for Petitioner based on a 46-month term of imprisonment beginning August 17, 2005, with prior custody (jail) credit from January 8, 2005 through August 16, 2005. Based on this calculation, and with additional credits earned against his sentence for good conduct, Petitioner was released from the BOP on June 3, 2008. Exh. 2, ¶ 5.

On March 25, 2009, Petitioner's federal probation officer filed a petition in the United States District Court for the Eastern District of Louisiana advising that Petitioner had violated the terms of his supervised release due to a physical altercation with his ex-girlfriend on March 18, 2009. New Orleans Police Department responded to the reported incident, at which time the Petitioner fled the scene. A state warrant issued for Petitioner's arrest related to these acts of domestic violence. Exh. 2, ¶ 6.

On March 30, 2009, a federal warrant was issued for Petitioner's arrest for Violation of Supervised Release. Exh. 2, ¶ 7. On July 22, 2009, Petitioner was arrested by the Orleans Parish Sheriff's Office on the outstanding warrant for simple battery. Exh. 2, ¶ 8.

On November 2, 2009, while Petitioner was in state custody, the federal warrant was executed, and he was borrowed from the custody of

state authorities pursuant to a federal writ of habeas corpus *ad prosequendum*. Exh. 2, ¶¶9-10. On December 7, 2009, Petitioner was sentenced to a 24-month term of confinement for violation of supervised release. Because it was believed that state authorities maintained primary jurisdiction over the Petitioner, he would have been appropriately returned to state custody following sentencing, as indicated in the Order dated October 29, 2009. Exh. 2, ¶ 11. However, it was subsequently discovered that Petitioner had already been sentenced on September 22, 2009, in the State of Louisiana, Orleans Parish Criminal District Court, to a 60-day term of incarceration, with credit for "time served" for his state offense of Simple Battery. Specifically, the State of Louisiana awarded the Petitioner with 60-days of jail time credit toward his state term for time spent in state custody, reflecting the time spent in custody between July 22, 2009 and September 19, 2009. Exh. 2 at ¶ 13; <u>see</u> <u>also</u> Att. 5 at 25-27. Thus, at the time of his federal sentence, Petitioner was exclusively in federal custody because he had already satisfied his state term and was no longer in the primary custody of the state. Exh. 2, ¶ 12.

Because Petitioner was in federal custody exclusively, he was designated to a federal correctional facility to commence service of his supervised release violation. His federal sentence was computed as commencing on December 7, 2009, the date it was imposed. In calculating his federal sentence, the BOP provided Petitioner with 81

days of prior custody credit towards his federal sentence, reflecting the time spent in custody between September 20, 2009 through December 6, 2009, as he had not received credit for time against his state sentence. Exh. 2, ¶ 15. Based on this calculation coupled with his good conduct time, Petitioner's scheduled release date was June 14, 2011. Petitioner initiated this federal action on March 28, 2011. See docket. As relief, Petitioner requests that the Court award him jail credit from July 22, 2009. Petition at 5.

### III.

Petitioner properly filed this action pursuant to 28 U.S.C. § 2241 seeking credit for time served. United States v. Williams, 425 F.2d 987, 990 (11th Cir. 2005). The law is well established that a defendant will not receive a double credit for his detention time. See 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329 (1992)(reviewing authority and procedures the BOP when calculating sentences). Pursuant to 18 U.S.C. § 3585:

(a) Commencement of Sentence - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for Prior Custody - A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

(1) as a result of the offense for which the sentence was imposed, or

>     (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id.; see also Att. 10, BOP Program Statement 5880.28.

There is an exception to the prohibition against receiving "double credit" on a sentence known as the "Willis" credit. The Willis exception applies "when an inmate serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date, he is entitled to receive credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first (state or federal) sentence begins." See Willis v. United States, 438 F.2d 923 (5th Cir. 1971). By definition, the Willis credit only applies when an inmate is serving concurrent federal and state terms. Thus, the Willis credit is inapplicable to the instant Petition.

Upon due consideration, the Court finds that the BOP calculated Petitioner's sentence in accordance with 18 U.S.C. § 3585. The BOP properly determined that Petitioner was not entitled to prior custody credit from July 22, 2009, because July 22, 2009 through September 19, 2009 was already credited toward his state sentence. See generally Att. 5; Rey v. Warden, FCC, Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009)(unpublished)(affirming district court's denial of petition seeking double credit). To the extent Petitioner faults the BOP for relying on

the "State-docket Master" rather than the sentencing transcript itself, see Petition at 4, the Court is not persuaded. Respondent attaches sufficient evidence establishing the State court sentence of time served. See Att. 5; see also Att. 6.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___17th___ day of February, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

sa: alj
Copies: All Parties of Record